RAFAEL DE J. CORDERO, MANAGER OF THE STATE INSURANCE FUND, Petitioner, v. INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent; JUAN MARRERO RODRÍGUEZ, Claimant.

No. 264.  Argued May 17, 1943.—Decided June 1, 1943.

M. Rodríguez Ramos, Acting Attorney General, G. Benítez Gautier, Assistant Attorney General, and G. Atiles Moréu, A. de Jesús Matos, and J. Correa Suárez, Legal Advisers of the State Insurance Fund, for petitioner.  Víctor J. Vidal González for claimant.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

On August 28, 1942, the workman Juan Marrero Rodríguez suffered an accident while working as a laborer for Félix Benítez Rexach, an insured employer.  After receiving the corresponding medical treatment, the injured workman was discharged as cured, without any incapacity whatsoever. Feeling aggrieved by thè decision of the Manager of the Fund, he appealed to the Industrial Commission, complaining (a) that he needed more treatment, and (b) that the degree of his incapacity had not been established.

On December 23, 1942, a public hearing was held before Commissioner F. Paz Granela, two physicians testifying as experts for the State Fund, and another as medical adviser of the Industrial Commission.  In that same month of De-

cember Mr. Paz Granela, the Commissioner before whom the case was heard, drafted a proposed order to the effect that the claimant laborer had received a partial, permanent incapacity consisting in a loss of fifteen per cent of his general physiological functions, and was therefore entitled to compensation. The proposed order having been submitted for the approval of the President of the Commission, Mr. Soldevila, and of Commissioner Herrero, both refused to concur in the proposed order of Commissioner Paz Granela. President Soldevila delivered a dissenting vote in which he arrived at the conclusion that "the laborer in this case has not less than a 33⅓ per cent incapacity of his general physiological functions." Commissioner Herrero, agreed with said dissenting vote and the Industrial Commisson on February 2, 1943, entered an order stating that laborer Juan Marrero had received incapacity equivalent to the loss of 33⅓ per cent of his general physiological functions.

On February 11, 1943, the Manager of the Fund moved for reconsideration of said order, asking that in its place another be entered in accordance with the proposed order of Commissioner Paz Granela. The commission denied the petition for reconsideration, but decided to "reopen the case to amplify the evidence relative to the physical condition of the laborer." The manager asked for reconsideration of the latter order, and said motion was also dismissed. He then filed the present appeal. To sustain it, he alleges, in synthesis, that the commission erred:

1. In ordering the holding of a second hearing to hear new evidence, as this is forbidden by law.

2. In entering an order based on the dissenting votes of Commissioners Soldevila and Herrero, who were not present at the hearing of the case, instead of basing it on the opinion of Commissioner Paz Granela, who was the only one who saw, watched, and heard the laborer testify.

3. In discarding the expert testimony which fixed the laborer's incapacity in its maximum degree at 15 per cent, and basing its order exclusively on the text of the author Kessler.

■■ We fail to understand why the manager petitioner complains. He moved for reconsideration of the order entered by the two commissioners who did not sit at the hearing of the case, and the commission annulled it and reopened the case so that the manager would have an opportunity of proving before the full commission that the degree of incapacity of the laborer does not exceed fifteen per cent, and that the laborer could also prove that the 33⅓ per cent of incapacity fixed by the annulled order is reasonable. What else could the commission have done on the motion for reconsideration filed by the manager? If reconsideration had been denied, and the order entered by the two commissioners, who did not sit at the hearing, had thus been left in effect, the manager would have probably appealed to this court to present us with a situation almost identical to that of the case of *Ortiz* v. *Industrial Commission*, 58 P.R.R. 279, in which we said:

". . . We do not believe that the commissioners who did not have the opportunity of being present at the public hearing must necessarily accept the appraisal of the evidence made by the one before whom it was held, but it is indisputable that those who did not hear or see the witnesses testify do not have the same advantages to appraise and decide the credibility of the witnesses as the one before whom the case was heard."

And in view of the disagreement in the weighing of the evidence, we annulled the order appealed from, and remanded the case to the Industrial Commission for the holding of a new hearing before the full commission. The contention of the manager that we annul the order, and in its place order another one to be entered based on the vote of Commissioner Paz Granela, cannot be entertained as all or-

ders of the commission must be sustained by a majority of its members, and therefore that entered by only one commissioner would be void.

In the case at bar, the Industrial Commission no doubt bearing in mind the decision in *Ortiz* v. *Commission, supra,* and wishing to avoid unnecessary and prejudicial delays to the claimant worker, agreed to do what in our judgment is the only correct and just solution for a situation as the one we have already stated. At any rate, the Manager would not derive any advantage if we were to annul the order appealed from. By said action the order in which the degree of the incapacity of the laborer was fixed at $33\frac{1}{3}$ per cent would be left in effect, and that is precisely of what petitioner complains. And if the latter filed an appeal against said order, we would be obliged in that case to order a new hearing—as the commission has already done—for the reason stated in *Ortiz* v. *Industrial Commision, supra.*

The contention of the petitioner that the statute forbids the holding of a new hearing, lacks merit. Section 10 of Act No. 45 of April 18, 1935 (Laws of 1935, p. 250), in its last paragraph, states:

"The Industrial Commission shall file its decision with the record of the case, and shall notify the parties. Neither party shall be entitled to a second hearing in regard to questions of fact."

The statute is so clear that it needs no interpretation. The party aggrieved by the decision is not entitled to ask for a second hearing. The commission may, if it deems it advisable, reopen the case to amplify the evidence and clarify any doubt it might have as to any question of fact, with the purpose of doing justice among the parties.

The principal duty of the Manager of the State Insurance Fund is the custody of the funds entrusted to him, defending them against all claims that are not in conformity with law or that are based on false facts, so that their solvency does not suffer. Nevertheless, to accomplish said

duty, it is not necessary that the Manager make use of proceedings or technicalities tending to delay the final and definite adjudication of compensation or to diminish the indemnity to which the injured laborer would be entitled according to law and the facts and circumstances of the case. The manager should not fear the holding of a new hearing, the sole purpose of which is to clarify the facts so that the full commission would be able to hear all the evidence and enter a decision strictly in accordance with the facts and the law.

For the reasons stated, the appeal must be denied and the order appealed from, dated March 5, 1943, affirmed.